**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER L. LAW | * | |
| Reg. #28227-511 | * | |
| | * | |
| Petitioner | * | |
| v. | * | No. 2:26-cv-00041-JJV |
| | * | |
| HUMPHREY, Complex Warden, | * | |
| Forrest City FCI Medium | * | |
| | * | |
| Respondent | * | |

**<u>MEMORANDUM AND ORDER</u>**

**I.    INTRODUCTION**

Petitioner Christopher L. Law, formerly an inmate at the Federal Correctional Institution –
Forrest City Medium, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241
*pro se*.[1]   (Doc. No. 1-1.)   He alleges the Bureau of Prisons ("BOP") miscalculated his history of
violence score in determining his custody classification.   (*Id*. at 2.)   Respondent C. Humphrey,
Warden, contends Mr. Law's Petition should be dismissed for failure to exhaust his administrative
remedies and for mootness.   (Doc. No. 5.)   After careful consideration, I find the Petition must
be dismissed without prejudice.

**II.    FACTS**

Mr. Law was convicted in the United States District Court for the Eastern District of
Missouri of one count of distribution of methamphetamine.   (Doc. No. 5-2 at 1.)   He was
sentenced to fifty-seven months' imprisonment, followed by three years' supervised release.   (*Id*.

---

[1] Mr. Law was recently transferred to the Federal Correctional Institution – Memphis.   (Doc. No.
9.)

at 2-3.)   Judgment was entered February 13, 2025.   (*Id*. at 1.)   Mr. Law's anticipated release date is March 19, 2028.   *See* https://www.bop.gov/inmateloc/ (accessed July 6, 2026).

Mr. Law challenges the accuracy of his history of violence score, claiming he should not have been assigned two points for serious violence within the last five years.   (Doc. No. 1-1 at 2-3.)   According to Mr. Law, because his 2021 first-degree harassment conviction did not involve the use of a weapon or serious physical injury, it should have been classified as minor violence worth one point.   (*Id*.)   Mr. Law cites BOP's Program Statement 5100.08 and seeks correction of his history of violence score.   (*Id*. at 3, 5-6.)

## III.    ANALYSIS

### A.    Exhaustion of Administrative Remedies

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."   *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."   28 C.F.R. § 542.10.   The process is a multi-step one.   First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."   *Id*. at § 542.13(a).   Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level.   *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director."   *Id*. at § 542.15(a).   Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel."   *Id*. An inmate may seek judicial review only after exhausting each of these steps.   *United States v.*

2

*Wilson*, 503 U.S. 329, 335 (1992); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. Law initiated the administrative remedy process by filing a Request for Administrative Remedy after an attempt at informal resolution. (Doc. No. 1-1 at 8-13.) However, Mr. Law did not appeal the Warden's response to the Regional Director and thus did not complete the process to exhaust. (Doc. No. 5-3 at 4-5.) Mr. Law suggests the exhaustion requirement should be excused because "delays in response" impeded the process. (Doc. No. 1-1 at 3, 5.) It does appear that the Warden's response to Mr. Law's Request for Administrative Remedy was slightly delayed; Mr. Law's request was received on December 2, 2025, and the response was dated December 29, 2025. (Doc. No. 5-3 at 25-28.) In accordance with 28 C.F.R. § 542.18 and the BOP's Program Statement 1330.18, the Warden's response should have been made within twenty calendar days. (*Id*. at 19.) Nonetheless, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." (*Id*.) Therefore, Mr. Law could have submitted an appeal as soon as December 22, 2025. Instead, the record shows he did not submit one at all. The delay in the Warden's response can hardly be said to have rendered the administrative remedy process unavailable or futile, as Mr. Law argues, and is no basis to excuse the exhaustion requirement. Mr. Law's Petition must be dismissed for failure to exhaust his administrative remedies.

### B.    Mootness

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005)

(quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).   This means that a litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."   *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).   If a change in circumstances during the pendency of a habeas petition means that it no longer presents a case or controversy, the petition becomes moot.   *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Respondent notes that despite Mr. Law's failure to complete the administrative remedy process, the BOP has reviewed his claim and recalculated his history of violence score as requested.   (Doc. No. 5 at 5.)   Specifically, Mr. Law's Male Custody Classification Form now lists his history of violence as "minor" within the last five years.   (Doc. No. 5-3 at 33.)   Because Mr. Law has received the relief requested in his Petition, his claim is now moot.   *See, e.g.*, *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

For all these reasons, Mr. Law's Petition must be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Law's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1-1) is DISMISSED without prejudice.

DATED this 6th day of July 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE